# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CENTER FOR FOOD SAFETY**, et al.,

               Plaintiffs,

    vs.

**ENVIRONMENTAL PROTECTION AGENCY**, et al.,

               Defendants

    and

**CORTEVA AGRISCIENCES, LLC**,

             Defendants-Intervenors

CIVIL NO. 1:23-cv-1633-CKK

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (ECF No. 45)**

## PREFATORY NOTE

Each of Plaintiffs' claims are subject to judicial review, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the Administrative Records that were before the federal agency at the time it made the challenged decisions to determine whether, as a matter of law, those Administrative Records support the agency's decisions or whether the agency's decisions are arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The District of Columbia Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of an agency action is limited to the Administrative Record. *See, e.g., CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014).

Accordingly, judicial review of a federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve civil actions within the original jurisdiction of the federal district courts.  *See, e.g., Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, as a matter of judicial efficiency, Defendants U.S. Environmental Protection Agency and Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency (collectively, "EPA"), hereby respond to the allegations in the Amended Complaint.  ECF No. 45. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Amended Complaint.

## INTRODUCTION[1]

1.      The allegations in the first sentence of this paragraph purport to characterize (a) the EPA Memorandum Supporting Decision to Extend Registrations for GF-3335 (Enlist One) and Enlist Duo (Jan. 11, 2022) and the Addendum to EPA's January 2022 Memorandum Supporting Decision to Extend Registrations for GF3335 (Enlist One) and Enlist Duo, (Expanding Use to Additional Counties) (Mar. 29, 2022) and (b) Plaintiffs' action.  The EPA memoranda speak for themselves and provide the best evidence of their content.  EPA denies any allegation inconsistent with their plain language.  The allegations purporting to characterize

---

[1] Topic headings are those used in the Amended Complaint and are incorporated here solely for ease of reference.  The use of these headings does not constitute any admission.  Further, the Amended Complaint contains several sentences and footnotes that solely contain citations. Because such sentences and footnotes require no response, Defendants do not count those sentences when referring to sequential sentences within the Amended Complaint and do not reference those footnotes in responding to the Amended Complaint.

Plaintiffs' action require no response.  To the extent that any response is required, EPA denies

the allegations.  The allegations in the final sentence of this paragraph constitute a legal

conclusion to which no response is required.[2]  To the extent a response is required, EPA denies

those allegations.

      2.      The allegations in the first sentence of this paragraph are the Plaintiffs'

description of the nature of their suit to which no response is required.  To the extent a response

is required, EPA denies the allegations.  The allegations in the second sentence of this paragraph

purport to characterize a legal opinion, which speaks for itself and provides the best evidence of

its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the

remaining allegations in this paragraph.

      3.      EPA admits the allegation in the first sentence of this paragraph that Enlist One

and Enlist Duo are herbicides containing the active ingredient 2,4-D.  The allegations in the first

sentence of this paragraph are vague and ambiguous as to "highly toxic and harmful," and EPA

denies them on that basis.  EPA admits the allegations in the second sentence of this paragraph.

EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations

in the third sentence of this paragraph that Enlist One and Enlist Duo "are sold across the

country" and on that basis denies them.

---

[2] Plaintiffs define "registration decisions" to include "initial registrations and subsequent amendments, including the amended product labels issued on January 25, 2024." Am. Compl. ¶ 1.  Plaintiffs then use this term to assert statutory violations and request relief.  *See, e.g., id.* ¶¶ 8, 292 and at 82-83.  It is unclear which EPA action is referenced by the term "initial registrations" but to the extent Plaintiffs intend to challenge EPA's 2014-17 registrations of Enlist, such claims are within the Ninth Circuit's exclusive jurisdiction and are barred by res judicata and the statute of limitations. *See Nat'l Family Farm Coal. V. Env't Prot. Agency,* No. 17-70810 (9th Cir.); 7 U.S.C. 136n(b); 28 U.S.C. § 2401(a).

4.      EPA denies the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph are too vague, ambiguous, and speculative to permit a response and, on that basis, EPA denies them.

5.      EPA admits the allegations in the first sentence of this paragraph that glyphosate is an active ingredient in Enlist Duo.  EPA denies the remaining allegations in this paragraph.

6.      EPA admits the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph purport to characterize a legal opinion, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

7.      The allegations in this paragraph purport to characterize a legal opinion, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

8.      EPA denies the allegations in this paragraph.

**FIFRA**

9.      The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.

10.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.

11.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.

12.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.

**Requested Relief**

13.     The allegations in this paragraph are characterizations of Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, EPA denies that Plaintiffs are entitled to any relief.

14.     The allegations in this paragraph are characterizations of Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, EPA denies that Plaintiffs are entitled to any relief.

**JURISDICTION & VENUE**

15.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

16.     EPA admits that Defendant EPA is an agency of the United States and that Defendant Michael S. Regan, Administrator of EPA, in his official capacity, is considered to reside in the District of Columbia.  The remaining allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

17.     The allegations in the first sentence of this paragraph are characterizations of Plaintiffs' Amended Complaint and conclusions of law, to which no response is required.  To the extent a response is required, EPA denies the allegations.  EPA lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

## PARTIES

**I.** **Plaintiffs**

18.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

19.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of this paragraph and on that basis denies them.  The allegations in the fifth sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

20.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and on that basis denies them.  The allegations in the sixth sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

21.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and on that basis denies them.  The allegations in the sixth sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

**II.**     <u>**Defendants**</u>

22.      EPA admits that it is a federal agency.  The remaining allegations of this

paragraph constitute legal conclusions to which no response is required.  To the extent a response

is required, EPA denies the allegations.

23.      EPA admits that Defendant Michael S. Regan is the Administrator of EPA.  The

remaining allegations in this paragraph are conclusions of law and characterizations of Plaintiffs'

Amended Complaint, to which no response is required.  To the extent a response is required,

EPA denies the allegations.

**STATUTORY BACKGROUND**

**I.**     <u>**FIFRA**</u>

24.      The allegations in this paragraph purport to characterize a statute and regulations,

which speak for themselves and provide the best evidence of their contents.  EPA denies any

allegation inconsistent with their plain language.

**A. Unreasonable Adverse Effects on the Environment**

25.      The allegations in this paragraph purport to characterize a statute, which speaks

for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent

with its plain language.

26.      The allegations in this paragraph purport to characterize a legal opinion and a

statute, which speak for themselves and provide the best evidence of their contents.  EPA denies

any allegation inconsistent with their plain language.

27.      The allegations in this paragraph purport to characterize a legal opinion or a

statute, though it is unclear due to ambiguous citations.  In either event, the opinion and the

7

statute speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

28.     The allegations in this paragraph purport to characterize a Senate Report, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

**B. Unconditional Registrations**

29.     The allegations in this paragraph purport to characterize a statute, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

30.     The allegations in this paragraph purport to characterize a legal opinion and a statute, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

31.     The allegations in the first sentence of this paragraph purport to characterize the Enlist registrations and their supporting documents, which speak for themselves and provide the best evidence of their content.  EPA denies any allegation inconsistent with their plain language. The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

32.     The allegations in this paragraph purport to characterize a regulation, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

33.     The allegations in this paragraph purport to characterize a statute and regulations, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

34.     The allegations in this paragraph purport to characterize a statute, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

### C. Judicial Review

39.[3]     The allegations in this paragraph purport to characterize a statute, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

### D. Standard of Review

35.     The allegations in this paragraph purport to characterize a case and a statute, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

36.     The allegations in this paragraph purport to characterize legal opinions, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

37.     The allegations in this paragraph purport to characterize legal opinions, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

---

[3] Plaintiffs' Amended Complaint contains two paragraphs numbered 39, including this mis-ordered paragraph.  This Answer tracks the Amended Complaint's paragraph numbering.

38.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.  The allegations in this paragraph also purport to characterize legal opinions, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

## STATEMENT OF FACTS

### I.     <u>Enlist One & Enlist Duo</u>

39.     EPA admits that Enlist One and Enlist Duo are both herbicides containing the choline salt of 2,4-dichlorophenoxyacetic acid choline salt ("2,4-D").  The remaining allegations of the first sentence of this paragraph are vague and ambiguous, and EPA denies them on that basis.  EPA admits the allegations in the second sentence of this paragraph.

#### A.  Approved Uses

40.     The textual allegations in this paragraph purport to characterize the Enlist registrations and their accompanying product labeling, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  As for the map reproduced in this paragraph, EPA admits that Enlist One and Enlist Duo are presently approved for use in the states depicted in the map.

41.     EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the first sentence of this paragraph and on that basis denies them.  The allegations in the second sentence of this paragraph purport to characterize EPA's registrations and their accompanying product labeling, which speak for themselves and provide the best evidence of their contents.

42.     The allegations in this paragraph purport to characterize the registrations and their accompanying product labeling, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

43.     The allegations in this first and second sentence of this paragraph purport to characterize the registrations and their accompanying product labeling, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the final sentence of this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.

### B.     Environmental Effects

44.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

45.     The allegations in this paragraph are too vague and ambiguous to permit a response.  To the extent a response is required, EPA denies the allegations.

46.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

47.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response. To the extent a response is required, EPA denies the allegations.

### 1.     Wildlife

48.     The allegations in this paragraph appear to characterize several  EPA memoranda (including the *2022 Ecological Risk and Endangered Species Assessment for Use on Genetically-Modified Herbicide Tolerant Corn, Soybean, and Cotton in Support of Registration Renewal*

11

*Decision for Enlist One and Enlist Due Products* and subsequent revised effects memoranda (collectively, "EPA's Ecological Risk and Endangered Species Assessment")), which speak for themselves and provide the best evidence of their contents.  EPA denies any allegations inconsistent with their plain language.

49.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

50.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response and, on that basis, EPA denies the allegations.

51.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.,

52.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

2.     *2, 4-D Effects*

53.     The allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

54.     The allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

3.     *Glyphosate Effects*

55.     The allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

56.     The allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

4.     *Listed Species & Habitats*

57.     EPA incorporates its responses to the preceding paragraphs in response to the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

58.     The allegations in this paragraph purport to characterize several supporting documents (including EPA's Ecological Risk and Endangered Species Assessment), which speak for themselves and provide the best evidence of their contents.  EPA denies any allegations inconsistent with their plain language.

59.     EPA admits the allegations in the first and second sentence of this paragraph.  The allegations in the third sentence purport to characterize a Biological Opinion issued by the Fish and Wildlife Service, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

### C.  Agronomic Effects

60.     The allegations in this paragraph purport to characterize articles.  The articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

61.     The allegations in this paragraph purport to characterize an article.  The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

62.     The allegations in this paragraph purport to characterize an article.  The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the final sentence of this paragraph.

63.     The allegations in the first sentence of this paragraph, including that "spray drift can increase the spread of herbicide-resistant weeds," are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.  EPA denies the allegations in the second and third sentence of this paragraph.

## II.    EPA's History of Regulating Herbicides & Genetically Engineered Crops

64.     EPA admits that it has authorized the use of forms of the active ingredients contained in Enlist One and Enlist Duo for decades.  EPA denies the remaining allegations in this paragraph.

65.     EPA admits that forms of 2,4-D and glyphosate have been sold for decades.  The allegations in the second and third sentences of this paragraph purport to characterize EPA

webpages.  The EPA webpages speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

### A. Glyphosate

66.    EPA admits the allegations in the first sentence of this paragraph.  EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the second sentence of this paragraph and on that basis denies them.  The allegations in the third sentence of this paragraph purport to characterize EPA's past registration decisions, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

67.    The allegations in this paragraph purport to characterize articles, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

68.    The allegations in the first sentence of this paragraph are vague and ambiguous, and EPA denies them on that basis.  The allegations in the second sentence of this paragraph purport to characterize EPA's past registration decisions, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the third and fourth sentences of this paragraph purport to characterize a legal opinion and a monograph.  The legal opinion and monograph speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

69.    EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and third sentence of this paragraph and on that basis denies them.

15

The allegations in the second sentence of this paragraph purport to characterize legal opinions. The opinions speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

70.     The allegations in this paragraph purport to characterize EPA's human health risk assessment of the withdrawn registration review interim decision for glyphosate.  The risk assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

71.     The allegations in this paragraph purport to characterize an EPA monograph and EPA's human health risk assessment of the withdrawn registration review interim decision for glyphosate.  These documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

72.     The allegations in this paragraph purport to characterize a case and EPA's human health risk assessment of the withdrawn interim decision registration review decision for glyphosate.  The case and the risk assessment speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

73.     The allegations in this paragraph purport to characterize EPA's human health risk assessment of the withdrawn registration review interim decision for glyphosate and cancer guidelines.  The risk assessment and cancer guidelines speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

74.     The allegations in this paragraph purport to characterize a case.  The case speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

75.     The allegations in the first and second sentences of this paragraph purport to characterize a legal opinion.  The opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA admits the allegations in the final sentence of this paragraph.

76.     The allegations in this paragraph purport to characterize articles.  These articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

77.     The allegations in this paragraph purport to characterize conclusions in articles and a document. The articles and document speak for themselves and provide the best evidence of their content. EPA denies any allegation inconsistent with their plain language.

78.     EPA admits the allegations in the first sentence of this paragraph that glyphosate has been used on herbicide-resistant crops for almost three decades.  EPA denies the remaining allegations in the first sentence of this paragraph.  EPA admits the allegations in the second sentence of this paragraph that, in 1996, Monsanto introduced genetically engineered glyphosate-resistant soybeans for the first time, allowing farmers to spray glyphosate on weeds without the risk of damaging crops after they emerged from the soil.  EPA denies the remaining allegations in the second sentence of this paragraph.

79.     The allegations in this paragraph purport to characterize an article and a webpage. Th article and webpage speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.  EPA lacks sufficient information to form a belief as to the truth of the allegations in the table in this paragraph and on that basis denies them.

80.     The first clause of the first sentence of this paragraph purports to characterize the materials referred to in the preceding paragraphs.  These materials speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the footnote to the first sentence purport to characterize EPA's withdrawal of its interim registration review decision for glyphosate, a case, and a draft document.  These materials speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language. EPA denies the remaining allegations in this paragraph.

81.     The allegations in the first and fourth sentences of this paragraph purport to characterize an article, which speaks for itself and provides the best evidence of its contents. EPA denies any allegation inconsistent with its plain language.  EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and on that basis denies them.

82.     The allegations in this paragraph purport to characterize articles. These articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language. The allegations in the final sentence of this paragraph are vague and ambiguous as to "nearly 200" and "glyphosate-resistant," and EPA denies them on that basis.

83.     The allegations in this paragraph purport to characterize an article, which speaks for itself and provides the best evidence of its contents.   EPA denies any allegation inconsistent with its plain language.

84. The allegations in this paragraph purport to characterize an article. The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

## B.  Dicamba

85. The allegations in this paragraph purport to characterize an article. The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

86. The allegations in this paragraph purport to characterize a blog post and an EPA registration for dicamba. The blog post and the registration speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

87. The allegations in this paragraph purport to characterize a legal opinion. The opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

88. EPA denies the allegations in the first sentence of this paragraph.   The allegations in the second and third sentences of this paragraph purport to characterize blog posts and articles. The blog posts and articles speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.

## C.  Enlist One & Enlist Duo

89. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

90. The allegations in this paragraph purport to characterize the 2014 registration and its supporting documents. The 2014 registration and its supporting documents speak for

themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

91.    EPA admits Enlist Duo is a combination of 2,4-D choline salt and glyphosate. The remaining allegations in this paragraph purport to characterize the 2014 registration and a 2015 amendment. The 2014 registration and 2015 amendment speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

92.    The allegations in this paragraph purport to characterize the 2017 registration, accompanying product labeling, and other EPA memoranda. These documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

93.    The allegations in this paragraph purport to characterize court filings and a legal opinion. The court filings and legal opinion speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

94.    The allegations in the first sentence of this paragraph purport to characterize data EPA received from Corteva and state extension agencies.  The data speaks for themselves and provide the best evidence of their contents.  EPA denies any allegations inconsistent with their plain meaning.  EPA denies the allegations in the second sentence of this paragraph.

*1. Increased Use of Enlist Products*

*a. Soybean*

95.    The allegations in this paragraph purport to characterize a Corteva press release and an EPA memorandum. The Corteva press release and the EPA memorandum speak for

themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

96.     The allegations in this paragraph purport to characterize Corteva press releases, a Corteva report, and an article. The Corteva press releases, Corteva report, and article speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

97.     The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

98.     The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

b. Cotton

99.     The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

100.     The allegations in this paragraph purport to characterize a Corteva document and a Corteva press release. The Corteva document and the Corteva press release speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

101.     The allegations in this paragraph purport to characterize a Corteva press release and United States Department of Agriculture documents. The Corteva press release and United

States Department of Agriculture documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

102.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

103.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

104.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

105.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

*c. Corn*

106.    The allegations in this paragraph purport to characterize Dow and Corteva press releases and an EPA memorandum. The press releases and EPA memorandum speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

## 2. Increased Spread of 2,4-D Resistance

107.    The allegations in this paragraph purport to characterize an article and a blog post. The article and blog post speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.

108.    The allegations in the first and second sentences of this paragraph purport to characterize an article.  The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the third sentence of this paragraph.  The allegations in the fourth sentence of this paragraph are vague and ambiguous as to "increased dramatically," and EPA denies them on that basis.

109.    The allegations in this paragraph consist of speculations, to which no response is required.  To the extent a response is required, EPA denies those allegations.

110.    The allegations in the first sentence of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA admits that labels preceding the Registration Decision urged growers to use Enlist with other modes of action to reduce herbicide resistance.  EPA denies the remaining allegations in this paragraph.

111.    The allegations in the first sentence of this paragraph are too vague and speculative to permit a response and, on that basis, EPA denies the allegations.  Though unclear, due to ambiguous citations, the remaining allegations in this paragraph appear to purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

112.     Though unclear due to ambiguous citations, the allegations in the first and second sentences of this paragraph appear to purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the third sentence of this paragraph.

113.     Though unclear due to ambiguous citations, the allegations in the first and second sentences of this paragraph appear to purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the first clause of the third sentence of this paragraph, as well as in the footnotes appended to this sentence, purport to characterize articles. The articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  EPA denies the remaining allegations in the third sentence of this paragraph.

114.     The allegations in this paragraph purport to characterize articles.  The articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

3.     *Increased Reports of 2,4-D Spray Drift*

115.     The allegations in this paragraph purport to characterize an article.  The article speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

116.     The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

117.     The allegations in the first sentence of this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.  The allegations in the second sentence of this paragraph purport to characterize an EPA ecological risk assessment and an EPA memorandum.  The EPA ecological risk assessment and the EPA memorandum speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.

118.     The allegations in this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

4.     *Increased Threat of 2,4-D Health Impacts*

119.     The allegations in this paragraph purport to characterize articles.  The articles speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

120.     The allegations in the first sentence of this paragraph purport to characterize a study.  The study speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

## III.   <u>Previous Litigation</u>

121.     The allegations in this paragraph purport to characterize legal opinions.  The legal opinions speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

122.    The allegations in this paragraph purport to characterize an EPA announcement and Dow's application.  The EPA announcement and Dow's application speak for themselves and provide the best evidence of their contents.  EPA denies any allegations inconsistent with their plain language.

123.    The allegations in this paragraph purport to characterize court filings.  The court filings speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

124.    The allegations in this paragraph purport to characterize a court filing.  The court filing speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

125.    The allegations in this paragraph purport to characterize court filings.  The court filings speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

IV.    **Ninth Circuit Decision in *NFFC v. EPA*, 966 F.3d 893 (9th Cir. 2020) (*Enlist II*)**

126.    The allegations in the first sentence of this paragraph purport to characterize court filings, which speak for themselves and provide the best evidence of their contents.  EPA denies any language inconsistent with their plain language.  The remaining allegations in this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

   A.  **Standing**

127.    The allegations in the first and fourth sentences in this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence

of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations

in the second and third sentences in this paragraph purport to characterize court filings.  The

court filings speak for themselves and provide the best evidence of their contents.  EPA denies

any allegation inconsistent with their plain language.

128.    The allegations in this paragraph purport to characterize a legal opinion and a

court filing, which speak for themselves and provide the best evidence of their contents.  EPA

denies any allegation inconsistent with their plain language.

### B. FIFRA Violations

129.    The allegations in this paragraph purport to characterize court filings.  The court

filings speak for themselves and provide the best evidence of their contents.  EPA denies any

allegation inconsistent with their plain language.

### 1. *Harm to Monarch Butterflies*

130.    The allegations in the first, second, and third sentences of this paragraph purport

to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence

of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations

in the fourth sentence of this paragraph purport to characterize without attribution "new

evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them

on that basis.

131.    The allegations in this paragraph purport to characterize a legal opinion.  The

legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any

allegation inconsistent with its plain language.

### 2. Increase in Glyphosate Use

132.     The allegations in this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

133.     The allegations in this paragraph purport to characterize without attribution "new evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

### 3. 2,4-D Volatility

134.     The allegations in the first and second sentences of this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the third sentence of this paragraph purport to characterize without attribution "new evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

### 4. Synergistic Effects

135.     The allegations in the first, second, third, and fourth sentences of this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the fifth sentence of this paragraph purport to characterize without attribution the website EnlistTankMix.com, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegations inconsistent with its plain language.

### C.  ESA Violations

#### 1. *Mitigation Measures*

136.     The allegations in the first, second, and third sentences of this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the fourth sentence of this paragraph purport to characterize without attribution "new evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

#### 2. *Use of Best Available Science*

137.     The allegations in the first sentence of this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the second sentence of this paragraph purport to characterize without attribution "new evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

138.     The allegations in this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

139.     The allegations in the first sentence of this paragraph purport to characterize a legal opinion.  The legal opinion speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the second sentence of this paragraph.

V.    **EPA's Registration Decisions**

140.    The allegations in this paragraph purport to characterize Corteva's applications, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegations contrary to their plain language.

141.    The allegations in this paragraph purport to characterize the registrations, the Enlist Duo Product Label, the Enlist One Product Label, and the consultation documents.  The registrations, the Enlist Duo Product Label, the Enlist One Product Label, and the consultation documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

142.    EPA admits the allegations in the first sentence of this paragraph that, prior to the issuance of the registrations challenged in this case, EPA issued conditional registrations of Enlist One and Enlist Duo in 2017 with a limitation of five years.  The allegations in the second, third, and fourth sentences of this paragraph purport to characterize an EPA memorandum that supported the decision to issue the registrations challenged in this case.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the fifth and sixth sentences of this paragraph.

143.    The allegations in the first sentence of this paragraph purport to characterize a registration and the approved product labeling, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  EPA denies the allegations in the second sentence of this paragraph.

144.    EPA denies the allegations in this paragraph.

### A.  Current Use & Acreage

145.     Though unclear due to a lack of citations, the allegations in this paragraph appear to purport to characterize supporting documentation for the issuance of the Enlist registrations, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

#### 1. Cotton

146.     The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. EPA denies the allegations in the final sentence of this paragraph.

147.     The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. EPA denies the allegations in the final sentence of this paragraph.

148.     The allegations in the first and second sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. The allegations in the third and fourth sentences of this paragraph purport to characterize without attribution "available data" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.  EPA denies the allegations in the final sentence of this paragraph.

149.    The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. The allegations in the fourth sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

*2. Soybean*

150.    EPA denies the allegations in the first and final sentences of this paragraph.  The remaining allegations in this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

151.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

### B.  Future Use & Acreage

152.    Though unclear due to a lack of citations, the allegations in the first and second sentences in this paragraph appear to purport to characterize an EPA memorandum cited in the preceding paragraph.  The memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with their plain language.  EPA denies the allegations in the third and fourth sentences in this paragraph.

### C.  Herbicide Resistance

153.    The allegations in the first and second sentences in this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the

best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.
EPA denies the allegations in the third sentence in this paragraph.

### 1. Future Resistance

154.     The allegations in the first, second, and third sentences in this paragraph purport
to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the
best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.
EPA denies the allegations in the fourth and fifth sentences in this paragraph.

### 2. Current Resistance

155.     The allegations in the first and second sentences of this paragraph purport to
characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the
best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.
EPA denies the allegations in the final sentence of this paragraph.

156.     The allegations in this paragraph purport to characterize an EPA memorandum
and reports.  The EPA memorandum and the reports speak for themselves and provide the best
evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

157.     The allegations in the first and third sentences of this paragraph purport to
characterize unattributed "new evidence" and "several confirmed cases" and are too vague and
ambiguous to permit a response, and EPA denies them on this basis.  Though unclear due to a
lack of citations, the allegations in the second sentence of this paragraph appear to purport to
characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the
best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.
The allegations in the fourth sentence of this paragraph consist of speculation, to which no

response is required.  To the extent a response is required, EPA denies those allegations.  EPA denies the allegations in the fifth and sixth sentences of this paragraph.

158.    The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. EPA denies the allegations in the final sentence of this paragraph.

### 3. Cross-Resistance

159.    The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. EPA denies the allegations in the final sentence of this paragraph.

160.    The allegations in the first, second, third, fourth, and fifth sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the final sentence of this paragraph.

161.    Though unclear due to a lack of citations, the allegations in the first, second, and third sentences of this paragraph appear to purport to characterize unattributed administrative documents supporting the Enlist registrations.  The supporting documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  EPA denies the allegations in the final sentence of this paragraph.

### D. Benefits Assessment

162.     The allegations in the first sentence of this paragraph purport to characterize EPA's previous benefits assessments for Enlist Duo.  EPA's previous benefits assessments for Enlist Duo speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the second sentence of this paragraph purport to characterize without attribution "recent data" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

163.     The allegations in the first and second sentences of this paragraph purport to characterize an EPA memorandum.  The memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the third sentence of this paragraph.

#### 1. Enlist products increase future resistance.

164.     Though unclear due to an ambiguous citation, the allegations in the first and third sentences of this paragraph appear to purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the second and fourth sentences.

#### 2. Enlist products are ineffective against resistant weeds.

165.     EPA denies the allegations in the first and final sentences of this paragraph.  The remaining allegations in this paragraph purport to characterize unattributed administrative documents supporting the Enlist registrations.  The supporting documents speak for themselves

and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

*a.  Users do not use Enlist products with glufosinate.*

166.    The allegations in the first and third sentences of this paragraph purport to characterize an EPA memorandum.  The memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the second sentence of this paragraph purport to characterize without attribution "new evidence" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.

167.    The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language. The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

168.    The first sentence in this paragraph purports to characterize the statements of state extension agencies, which speak for themselves and provide the best evidence of their contents. EPA denies any allegations contrary to their plain language.  EPA denies the allegations in the second sentence of this paragraph.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

*b. Users do not use Enlist products on non-glyphosate-resistant weeds.*

169.    The allegations in the first and second sentences of this paragraph and in footnote 83 purport to characterize two EPA memoranda, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language. The allegations in the third and fourth sentences of this paragraph purport to characterize without attribution "actual use data" and are therefore too vague and ambiguous to permit a response, and EPA denies them on that basis.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

170.    The allegations in the first and second sentences of this paragraph purport to characterize an unattributed document and are therefore too vague and ambiguous to permit a response and, on that basis, EPA denies the allegations.  To the extent the allegations purport to characterize unattributed administrative documents supporting the Enlist registrations, those documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegations inconsistent with their plain language.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

*c.    Users do not use Enlist products on glufosinate-resistant weeds.*

171.    The allegations in the first, second, third, fourth, and fifth sentences of this paragraph purport to characterize administrative documents supporting the Enlist registrations and information from the "International Herbicide-Resistant Weed Database."  The supporting documents and information from the "International Herbicide-Resistant Weed Database"

speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

172.    The allegations in the second and fourth sentences of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.  EPA denies the remaining allegations in this paragraph.

173.    The allegations in this paragraph purport to characterize an EPA memorandum and a study.  The EPA memorandum and the study speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

174.    The allegations in the first, second, and third sentences in this paragraph purport to characterize an EPA memorandum and a study.  The EPA memorandum and the study speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  EPA denies the allegations in the fourth sentence in this paragraph.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

175.    The allegations in the first, second, third, and fourth sentences in this paragraph purport to characterize an EPA memorandum.  The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.   EPA denies the allegations in the fifth and sixth sentences in this paragraph.  The

allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

176.    The allegations in this paragraph are vague and ambiguous as to what document is being cited and discussed, and EPA denies them on that basis.

177.    The allegations in this paragraph purport to characterize an EPA benefits assessment and a legal opinion.  The EPA benefits assessment and the legal opinion speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

178.    The allegations in this paragraph purport to characterize the "the record" supporting the issuance of the Registrations.  "The record" speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  Moreover, the allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

### E.  Ecological Risk Assessment

179.    The allegations in this paragraph purport to characterize an unattributed document and are too vague and ambiguous to permit a response and, on that basis, EPA denies the allegations.  To the extent the allegations purport to characterize the EPA's Ecological Risk and Endangered Species Assessment, that document speaks for itself and provides the best evidence of its contents.  EPA denies any allegations inconsistent with its plain language.

*1.  2,4-D Ecological Risks*

180.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

181.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

182.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

183.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

184.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

185.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

## 2. *Glyphosate Ecological Risks*

186.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

187.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

188.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

189.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

*3. EPA improperly excluded direct and indirect risks.*

190.    The allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegations inconsistent with its plain language.  The allegations in this paragraph are also too vague and ambiguous to permit a response, and EPA denies them on that basis.

191.    The allegations in the first sentence of this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations. The allegations in the second sentence of this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the second sentence of this paragraph also consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations. EPA denies the allegations in the third sentence of this paragraph.  The allegations in the fourth sentence of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies those allegations.

*4. EPA improperly concluded risks were reasonable.*

192.    The allegations in the first and second sentences of this paragraph purport to characterize an EPA memorandum and the Enlist labels, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegations contrary to their plain language. The allegations in the third sentence of this paragraph purport to characterize without attribution "recent incident data" and are therefore too vague and ambiguous to permit a response, and EPA

denies them on that basis.  The allegations in the fourth sentence of this paragraph are conclusions of law to which no response is required.  To the extent a response is required, EPA denies those allegations.

193.    The allegations in the first, second, third, and fourth sentences of this paragraph purport to characterize documents supporting the issuance of the registrations, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegations contrary to their plain language.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

**F.  Labeling Restrictions & Failure to Mitigate Adverse Risks**

194.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

*1.  Noncompliance with Enlist One Labels*

195.    The allegations in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

196.    The allegations in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

197.    The allegations in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

198.    The allegations in the first, second, and third sentences in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  The allegations in the fourth sentence purport to characterize without attribution "available data" and are therefore too vague and ambiguous to permit a response and, on that basis, EPA denies the allegations.

199.    The allegations in the first sentence of this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.  EPA denies the allegations in the second sentence in this paragraph.  The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

200.    The allegations in this paragraph purport to characterize the Enlist registrations and their supporting documents.  The registrations and the supporting documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in this paragraph also identify without attribution "evidence that noncompliance will increase" and "evidence that users failed to comply with the previous labels."  The allegations are too vague, ambiguous, and speculative to permit a response and, on that basis, EPA denies the allegations.

201.     The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

202.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

## 2. *County-Level Prohibitions*

203.    The allegations in the first, second, and third sentences of this paragraph purport to characterize an EPA memorandum, the Registrations, and the approved product labeling accompanying the registrations, which speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.  The allegations in the final sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, EPA denies the allegations.

## 3. *30-foot Spray Drift Buffer*

204.    The allegations in this paragraph purport to characterize the approved product labeling accompanying the registrations.  The approved product labeling speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

205.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment and "all previous labels for Enlist One and Enlist Duo."  EPA's Ecological Risk and Endangered Species Assessment and "all previous labels for Enlist One and Enlist Duo" speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.

206.    The allegations in the first sentence of this paragraph purport to characterize unattributed "recent data" and are too vague and ambiguous to permit a response and, on that basis, EPA denies the allegation.  The remaining allegations in this paragraph purport to characterize an EPA memorandum and the EPA's Ecological Risk and Endangered Species Assessment.  The EPA memorandum and the Ecological Risk Assessment speak for themselves

and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

207.    The allegations in the first and third sentence of this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.  The allegations in the second sentence of this paragraph purport to characterize an unidentified EPA document, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

208.    EPA denies the allegations in the second and fourth sentences of this paragraph. The allegations in the first and third sentences of this paragraph are too vague, ambiguous, and speculative to permit a response.  To the extent a response is required, EPA denies the allegations.

209.    The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.  The remaining allegations in this paragraph purport to characterize EPA's Ecological Risk and Endangered Species Assessment.  This document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

### 4. *Runoff Measures*

210.    The allegations in this paragraph purport to characterize the EPA's Ecological Risk and Endangered Species Assessment.  EPA's Ecological Risk and Endangered Species Assessment speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

211.    The allegations in the final sentence of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.  The remaining allegations in this paragraph purport to characterize a "Mitigation Evaluation" and "the previous labels."  It is unclear what documents Plaintiffs refer to due to ambiguous citations, and EPA denies the allegations on that basis.  Alternatively, referenced documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

212.    The allegations in this paragraph purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

213.    The allegations in this paragraph purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

214.    The allegations in this paragraph purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

215.    EPA denies the allegations in the first and last sentence in this paragraph.  The remaining allegations in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

216.    EPA denies the allegations in the final sentence in this paragraph.  The remaining allegations in this paragraph purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

217.    EPA denies the allegations in the final sentence in this paragraph.  The remaining allegations in this paragraph purport to characterize a "Mitigation Evaluation" and "the labeling restrictions."  It is unclear what documents Plaintiffs refer to due to ambiguous citations, and EPA denies the allegations on that basis.  Alternatively, referenced documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

218.    The allegations in this paragraph purport to characterize "[t]he previous registration for Enlist products" and EPA memoranda.  "The previous registration for Enlist products" and the EPA memoranda speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

219.    The allegations in this paragraph purport to characterize an EPA memorandum. The EPA memorandum speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

220.    The allegations in this paragraph purport to characterize an EPA response document and the EPA's Ecological Risk and Endangered Species Assessment.  The EPA response document and the EPA's Ecological Risk and Endangered Species Assessment speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

221.    The allegations in this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.  The allegations in this paragraph also purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

222.    The allegations in this paragraph purport to characterize a "Mitigation Evaluation."  It is unclear what document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced document speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

223.    The allegations in this paragraph purport to characterize a "Mitigation Evaluation," the Enlist Duo Product Label, and Enlist One Product Label.  It is unclear what "Mitigation Evaluation" document Plaintiffs refer to due to ambiguous citation, and EPA denies the allegations on that basis.  Alternatively, the referenced documents speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their

49

plain language. The allegations in this paragraph are also too speculative, vague, and ambiguous to permit a response and, on that basis, EPA denies the allegations.

### 5. *Contradictory Labeling Language*

224.    The allegations in this paragraph purport to characterize the Enlist Duo Product Label and the Enlist One Product Label.  The Enlist Duo Product Label and the Enlist One Product Label speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

225.    EPA denies the allegations in the final two sentences in this paragraph.  The remaining allegations in this paragraph purport to characterize the Enlist Duo Product Label and the Enlist One Product Label.  The Enlist Duo Product Label and the Enlist One Product Label speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

226.    The allegations in this paragraph purport to characterize an EPA memorandum, which speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with its plain language.

227.    EPA denies the allegations in the final sentence of this paragraph.  The remaining allegations in this paragraph purport to characterize an EPA memorandum, the Enlist Duo Product Label, and the Enlist One Product Label.  The EPA memorandum, the Enlist Duo Product Label, and the Enlist One Product Label speak for themselves and provide the best evidence of their contents.  EPA denies any allegation inconsistent with their plain language.

228.    EPA denies the allegations in this paragraph.

VI.    **Plaintiffs' Injuries**

229.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

230.    EPA lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

231.    EPA lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

**A.  Farmworkers**

232.    EPA lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

233.    The allegations in this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, EPA denies those allegations.

**B.  Conservationists**

234.    EPA lacks sufficient information to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph and on that basis denies them.  The allegations in the fourth and fifth sentences of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

235.    The allegations in this paragraph consist of speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.

236.    The allegations in this paragraph consist of legal conclusions and speculation, to which no response is required.  To the extent a response is required, EPA denies those allegations.

237.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

### C.  Farmers & Gardeners

238.     EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the first and second sentences of this paragraph and on that basis denies them.  The allegations in the third sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

239.    The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.  EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the second sentence of this paragraph and on that basis denies the allegations.  The allegations in the third sentence consist of speculation, to which no response is required.  To the extent a response is required, EPA denies the allegations.

240.    EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the first and second sentences of this paragraph and on that basis denies them.  The allegations in the third sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

241.    EPA lacks information sufficient to form a conclusion as to the truth of the allegations in this paragraph and on that basis denies them.

242.     EPA lacks information sufficient to form a conclusion as to the truth of the allegations in this paragraph and on that basis denies them.

### D.  Organizational Injuries

243.     The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.  EPA lacks information sufficient to form a conclusion as to the truth of the allegations in the second and third sentences of this paragraph and on that basis denies them.

244.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

245.     The allegations in this paragraph constitute legal conclusions and speculation to which no response is required.  To the extent a response is required, EPA denies those allegations.

## FIRST CAUSE OF ACTION

### *EPA's Registration Decisions Are Not Supported By Substantial Evidence*

## VIOLATIONS OF FIFRA

246.     EPA incorporates its response to Paragraphs 1 to 245.

247.     The allegations in this paragraph purport to characterize a statute and regulations. The statute and regulations speak for themselves and provide the best evidence of their contents. EPA denies any allegation inconsistent with their plain language.

248.     The allegations in this paragraph purport to characterize a statute.  The statute speaks for itself and provides the best evidence of its contents.  EPA denies any allegation inconsistent with their its language.

249.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**EPA understated the risks and costs of its decision.**

250.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Usage**

251.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

252.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Herbicide Resistance**

253.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

254.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

255.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

256.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Runoff**

257.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

258.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

259.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

260.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Spray Drift**

261.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

262.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

263.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

264.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Plants & Animals**

265.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

266.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Human Health**

267.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

268.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

269.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**Other Risks & Costs**

270.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

271.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

272.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**EPA overstated the benefits of Enlist products.**

273.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

274.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

275.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

276.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

277.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

278.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

279.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

280.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

281.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

**EPA failed to mitigate adverse environmental risks.**

282.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

283.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

284.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

285.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

286.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

287.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

288.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

289.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

290.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

291.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

292.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, EPA denies those allegations.

## REQUEST FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiffs' request for relief, to which no response is required.

## GENERAL DENIAL

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to it, EPA hereby asserts the following defenses:

1.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.      Plaintiff has failed to state a claim upon which relief can be granted.

3.      Plaintiffs lack standing.

4.      Plaintiffs' claims are barred by the statute of limitations.

5.      Plaintiffs' claims are barred by res judicata.

6.      EPA reserves the right to assert any other claims or defenses that may be available

or may become available during the proceedings.


Dated:   July 23, 2024                       Respectfully submitted,

                                             TODD KIM
                                             ASSISTANT ATTORNEY GENERAL
                                             United States Department of Justice
                                             Environment and Natural Resources Division

                                             */s/ Elliot Higgins*
Of Counsel:                                  ELLIOT HIGGINS (NY Bar No. 5737903)
Benjamin Wakefield                           ERIKA FURLONG (PA Bar No. 319350)
Michele Knorr                                Trial Attorneys
United States Environmental                  Environment & Natural Resources Division
Protection Agency                            United States Department of Justice
Office of General Counsel                    P.O. Box 7611
                                             Washington, DC 20044
                                             (202) 598-0240 (Higgins)
                                             (202) 305-0424 (Furlong)
                                             elliot.higgins@usdoj.gov
                                             erika.furlong@usdoj.gov

                                             *Counsel for Defendants*